# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**FRANCIS PARKER, STEPHANIE ALLISON PARKER**                                          **PLAINTIFFS**

**V.**                                                   **CAUSE NO. 3:16-CV-00892-CWR-FKB**

**ALLSTATE INSURANCE COMPANY**                                                          **DEFENDANT**

## ORDER

Before the Court are Allstate Insurance Company's motions for judgment on the pleadings and leave to file a supplemental brief. Docket Nos. 6 and 25. For the reasons stated below, the motion for judgment on the pleadings is GRANTED in part and DENIED in part, while the motion for leave to file a supplemental brief is DENIED.

**I.      Background**

This case involves two disputes between Allstate and both Francis and Stephanie Parker. These disputes trace their roots to January 2014, when Stephanie Parker – while driving a 2003 Toyota Avalon owned by her mother, Francis – was hit by a driver insured by Allstate.

The first dispute involves Allstate's management of the post-accident settlement process. The Parkers allege that Allstate delayed that process, refused to give the Parkers an adequate replacement car, and refused to grant the Parkers an adequate settlement.

The second dispute involves Allstate's handling of the Parkers' car during the settlement process. The Parkers allege that Allstate impounded their car, threatened to have it sold, and demanded that the Parkers pay car storage charges – all in an attempt to force the Parkers to accept an inadequate settlement.

In October 2016, the Parkers sought to resolve both these disputes by bringing a host of tort claims against Allstate in state court, requesting $140,000 in compensatory damages and $1

million in punitive damages.[1] Allstate responded by removing the case to this Court and moving for judgment on the pleadings. In June 2017, Allstate filed a motion for leave to file supplemental briefing regarding its motion for judgment on the pleadings.

**II.     Legal Standard**

Motions for judgment on the pleadings are governed by Federal Rule of Civil Procedure 12(c).

> The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. The plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks and citations omitted).

It is "well-established" that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet "may still have a viable avenue to recover" should be "granted leave to amend their complaint and make their 'best case.'" *Boutwell v. Time Ins. Co.*, No. 3:11-CV-689-CWR-LRA, 2013 WL 53902, at *4 (S.D. Miss. Jan. 3, 2013) (citation omitted).

**III.    Discussion**

The Parkers' complaint alleges that, in both managing the post-accident settlement process and handling the Parkers' car during that process, Allstate committed "intentional torts," fraud, and negligence.[2] Docket No. 3-1 at 6-7. For the reasons that follow, Allstate is entitled to

---

[1] The Parkers initially sued a number of parties involved in the accident. *See* Docket No. 1. The only party remaining is Allstate. *See* Docket No. 24.
[2] The Parkers appear to plead a claim for "independent torts." Docket No. 3-1 at 6-7. Independent torts are not a discrete cause of action, but are simply tort claims which stand apart from breach of contract claims. *See In re*

2

judgment as a matter of law on all of these claims. The Parkers, however, may have a viable avenue to recover on claims involving Allstate's handling of their car. Consequently, the Parkers will be granted leave to amend their complaint to make their best case on claims regarding that dispute.

### A. "Intentional Torts"

The Parkers allege that Allstate's actions amount to "intentional torts." "Intentional torts" refers to a category of claims, not a claim itself. *See* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "intentional tort" as "[a] tort committed by someone acting with general or specific intent"). The Parkers' pleadings fail to adequately plead the elements of any intentional tort by not specifying what intentional torts are relevant here. Allstate is entitled to judgment as a matter of law on these claims.

The Parkers' pleadings, however, indicate that *some* intentional tort claim may be plausible if sufficient facts are properly alleged. In managing the storage of the Parkers' car, Allstate may have held that car hostage in an attempt to coerce the Parkers into accepting a small settlement. Such action may constitute an intentional tort. The Parkers will be granted leave to amend their complaint to make their best case on any such intentional tort claims.

### B. Fraud

To establish fraud, plaintiffs "must prove (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) [their] reliance on its truth, (8) [their] right to rely thereon, and (9)

---

*Sherwood Investments Overseas Ltd., Inc.*, No. 6:10-AP-00158-KSJ, 2015 WL 4486470, at *12 (Bankr. M.D. Fla. July 22, 2015) (describing the independent tort doctrine).

[their] consequent and proximate injury." *Franklin v. Lovitt Equip. Co.*, 420 So. 2d 1370, 1373 (Miss. 1982).

The Parkers' fraud claim centers on Allstate's advertisements, which allegedly represented to audiences (including the Parkers) that it would promptly and fairly pay insurance claims to third parties. The Parkers allege that Allstate's conduct in this case proves the falsity of those representations. The Parkers, however, have failed to allege any detrimental reliance on those representations. They do not claim that their decision to reject Allstate's initial settlement offer, their decision to not pay the storage fees for their car, or any other act was made in reliance on Allstate's promise. In the absence of such allegations, the Parkers' fraud claim fails. Allstate is entitled to judgment as a matter of law on this claim.

The Parkers' pleadings, however, indicate they may have a viable fraud claim stemming from representations Allstate made regarding the storage of the Parkers' car. Those representations may have allowed Allstate to possess the car and take it hostage. The Parkers will be granted leave to amend their complaint to make their best case on fraud claims regarding such representations. In pleading the elements of an actionable fraud, counsel must bear in mind that "the allegations must be factual and not conclusory." *Agho v. Bank of Am., NA*., No. 3:12-CV-DPJ-FKB, 2013 WL 34171466, at *5 (S.D. Miss. July 10, 2013). "Rule 9(b) requires the who, what, when, where, and how of a fraud claim to be laid out." *Id*. (citation omitted).

### C. Negligence

To establish negligence, a plaintiff must prove "a duty, a breach of that duty, damages, and proximate cause." *Rolison v. City of Meridian*, 691 So. 2d 440, 444 (Miss. 1997). The Parkers' negligence claim alleges that Allstate owed the Parkers, as third party beneficiaries of an insurance contract, a duty to process their claims fairly and promptly. Allstate allegedly

breached this duty by delaying the offer of a rental car, providing an inadequate rental car, and offering an inadequate settlement figure. These breaches allegedly caused the Parkers as much as $125,000 in both lost sales (stemming from Francis Parker's real estate business) and emotional distress.

The Parkers' negligence claim fails because it is premised on a legal duty not recognized in Mississippi. The only duties insurance companies owe to third parties like the Parkers are the duties which "spring from the terms of the contract." *Rein v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1136 (Miss. 2004). Such third parties "may sue for a contract breach only when the alleged broken condition was placed in the contract for their direct benefit." *Id.* Here, the Parkers have not pointed to any term within an Allstate insurance contract that required Allstate to process third party claims fairly and promptly. Allstate is entitled to judgment as a matter of law on this negligence claim, as it is premised on a non-existent duty.

Allstate may, however, have owed duties to the Parkers independent of the parties' insurer-third party relationship. Such duties may have arisen during Allstate's storage of the Parker's car. The Parkers will be granted leave to amend their complaint to make their best case on a negligence claim stemming from such duties.

IV. **Conclusion**

The motion for judgment on the pleadings is hereby granted in part and denied in part, without prejudice to its refiling. Consequently, the motion for leave to file a supplemental brief is also denied, as it is moot. Within 10 days of the entry of this Order, counsel shall contact the Magistrate Judge for entry of new scheduling order, which shall include a date by which the Parkers must file an amended complaint.

**SO ORDERED**, this the 27th day of September, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE