

No. 3:16-CV-00892-CWR-FKB

FRANCIS PARKER AND
STEPHANIE ALLISON PARKER,

                                  *Plaintiffs*,

v.

ALLSTATE INSURANCE CO.,

                                  *Defendant*.

ORDER GRANTING IN PART & DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS

Before CARLTON W. REEVES, *District Judge*.

In 2014, Stephanie Parker – while driving a car owned by her mother, Francis – was hit by a driver insured by Allstate. The Parkers filed this lawsuit against Allstate in state court, and Allstate removed the case to this Court.

At the bottom of the Parkers' initial complaint were two disputes with Allstate: one over the insurer's post-accident settlement process, and the other over its handling of the Parkers' car during that process. In dismissing the initial complaint, the Court found that claims involving the second dispute could be revived through an amended complaint.[1]

The Parkers have filed an amended complaint, and Allstate responded by moving for judgment on the pleadings as to all claims. The Fifth Circuit says the relevant standard of review is as follows:

> The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. The plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).[2]

The Parkers' amended complaint contains four claims. Two involve Allstate's post-accident settlement process. The Court's initial order made clear that such claims could not be revived through an amended complaint.[3] These claims will be DISMISSED with prejudice.

---

[1] *See generally Parker v. Allstate Ins. Co.,* No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912 (S.D. Miss. Sept. 27, 2017).

[2] *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks and citations omitted).

[3] *Parker,* 2017 WL 4287912, at *2-3.

The two remaining claims relate to Allstate's storage and sale of the Parkers' car through a company called Co-Part. The first is for fraud by omission. The Parkers allege that Allstate, "through its designee Co-Part," told the Parkers that "they were going to store the car and hold the car until the [insurance] claim could be evaluated." Co-Part's statement omitted the fact that the Parkers would "ow[e] a storage cost" on the vehicle if they agreed to store their car. This misrepresentation was aimed at "get[ting them] to settle their claim for under market value while the car was being stored and storage costs were [being] incurred." The Parkers relied on this misrepresentation in allowing Co-Part to store their car.

Allstate says this claim does not meet the heightened fraud pleading standard, which requires the Parkers to allege "the who, what, when, where and how" of the fraud.[4] Allstate is correct. The Parkers' complaint lacks even general information about when or where the alleged misrepresentations were made. If this were the Parkers' first attempt at framing their claims, they would be entitled to make their "best case" in an amended complaint.[5] But that second chance has already come and gone. Their fraud claim must be DISMISSED with prejudice.

The Parkers' remaining claim is for conversion. That claim requires "proof of a wrongful possession . . . or of a wrongful detention after demand."[6] The Parkers have alleged that Co-

---

[4] *See Jordan v. Maxfield & Oberton Holdings LLC*, No. 3:15-CV-220-CWR-LRA, 2016 WL 5794500, at *2 (S.D. Miss. Sept. 30, 2016).

[5] *See Boutwell v. Time Ins. Co.*, No. 3:11-CV-689-CWR-LRA, 2013 WL 53902, at *4 (S.D. Miss. Jan. 3, 2013).

[6] *Mississippi Motor Fin., Inc. v. Thomas,* 246 Miss. 14, 20 (1963).

Part "placed [their car] on the auction calendar" and "sold" the vehicle "without authority" to do so, "even after requests for it to be returned and/or taken off of the auction block."

Allstate says the Parkers' conversion claim fails because it alleges that Co-Part, and not Allstate, committed conversion. Of course, masters can be responsible for conversions committed by agents.[7] Allstate accounts for this fact by arguing that the Parkers "make no agency connection between Co-Part and Allstate."

This argument is misplaced. The Parkers call Co-Part Allstate's "designee." Their complaint alleges that Allstate and Co-Part were in a kind of agency relationship that presumably is typical between automotive insurers and vehicle storage companies. The Parkers properly alleged the existence of that relationship, though they still bear the burden of proving that relationship at trial.[8]

Allstate further argues that, even if Co-Part was acting as Allstate's agent when it committed conversion, Allstate is only liable if Co-Part was acting (1) within the scope of an employee relationship with Allstate or (2) under apparent authority within its agency relationship. Allstate says the Parkers have failed to plead facts supporting either scenario.

Again, Allstate is incorrect. It is easy to infer from the facts alleged that Co-Part committed conversion while acting under apparent authority from Allstate. In sum, Allstate has given no persuasive reason to dismiss the Parkers' conversion

---

[7] *See Walker v. Brown*, 501 So. 2d 358, 361 (Miss. 1987).

[8] *See Booker ex rel. Certain Underwriters at Lloyd's of London v. Pettey*, 770 So. 2d 39, 45 (Miss. 2000).

claim. Their motion to dismiss that claim is DENIED. The stay in this case is LIFTED. Within 14 days, the parties shall contact the magistrate judge to obtain a new case management order.

SO ORDERED, this the 18th day of May, 2018.[9]

s/ CARLTON W. REEVES<br>
*United States District Judge*

---

[9] The Parkers' motion for extension of time to respond to Allstate's motion at Docket No. 36 is granted *nun pro tunc*.

5